E-FILED
Friday, 29 September, 2017 08:57:49 AM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| DIANE YOUNGBLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 16-cv-03148 |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22). Judge Schanzle-Haskins recommends that this Court grant Plaintiff Diane Youngblood's Motion for Summary Judgment (d/e 9), deny Defendant Commissioner of Social Security's Motion for Summary Affirmance (d/e 12), and reverse and remand the decision of the Commissioner denying Plaintiff's applications for Social Security Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) (collectively Disability Benefits).

Objections to the Report and Recommendation were due on September 25, 2017. Neither party filed objections.

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The Court reviews <u>de novo</u> any part of the Report and Recommendation to which a proper objection has been made. Fed. R. Civ. P. 72(b)(3). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." <u>Johnson v. Zema Sys. Corp.</u>, 170 F.3d 734, 739 (7th Cir. 1999) (also noting that a party who fails to object to the report and recommendation waives appellate review of the factual and legal questions).

Judge Schanzle-Haskins found that the Administrative Law Judge (ALJ) failed to build an accurate and logical bridge from the evidence to his conclusion. Specifically, Judge Schanzle-Haskins found that the ALJ improperly concluded that Plaintiff could perform her past relevant work as a housekeeper as that job was generally performed in the national economy. The ALJ failed to adequately address the ambiguity in Vocational Expert Gunther's

testimony as to whether Plaintiff could perform the housekeeping job if the job involved a fast pace or a high production quota and whether Gunther's opinion was limited to the job as Plaintiff actually performed it or included the job as generally performed. The ALJ also did not sufficiently explore Gunther's reversal in her opinion that Plaintiff could not perform the housekeeping job if the job involved a fast pace or a high production quota.

Judge Schanzle-Haskins determined that, on remand, the ALJ should analyze the relevant evidence to determine whether Plaintiff could perform the housekeeping job as it generally exists in the national economy. Judge Schanzle-Haskins further concluded that the ALJ should determine whether the housekeeping job as generally performed included a fast pace or a high production quota and, if so, whether Plaintiff could perform the job as generally performed.

The Report and Recommendation also addresses the issues Plaintiff raised in her Motion for Summary Judgment. The parties agree that Gunther's opinion that Plaintiff could perform her housekeeping job as actually performed was incorrect.

Plaintiff also argues that Gunther opined that Plaintiff's prior work as a housekeeper did not fit within any job type in the Dictionary of Occupational Titles (DOT) and that it was a composite job consisting of elements of two or more occupations. Because composite jobs involve only a determination as to whether the person could perform the past work as actually performed, Plaintiff argues that the ALJ erred in relying on Gunther's opinion to conclude that Plaintiff could perform the housekeeper job as it was performed generally. Judge Schanzle-Haskins found that Plaintiff is factually incorrect—Gunther did not opine that Plaintiff's past work as a housekeeper was a composite job nor that it did not fit within a DOT job type.

After reviewing the record, the Report and Recommendation, the parties' motions and memoranda, and the applicable law, this Court finds no clear error.

**IT IS THEREFORE ORDERED THAT:**

(1) **The Report and Recommendation (d/e 22) is ADOPTED in its entirety.**

(2) **Plaintiff's Motion for Summary Judgment (d/e 9) is GRANTED.**

(3) Defendant's Motion for Summary Affirmance (d/e 12) is DENIED.

(4) The decision of the Commissioner is REVERSED and the cause is REMANDED to the Commission for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

(5) THIS CASE IS CLOSED.

IT IS SO ORDERED.

ENTER: September 29, 2017

FOR THE COURT:                 s/ Sue E. Myerscough
                                          SUE E. MYERSCOUGH
                                   UNITED STATES DISTRICT JUDGE